COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-237-CR
 
 
CHRISTOPHER 
MICHAEL CROWDIS                                         APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Christopher Michael Crowdis pled guilty to aggravated sexual assault of a child 
under fourteen years of age.  The trial court placed him on deferred 
adjudication community supervision for five years and assessed a five hundred 
dollar fine.  On May 7, 1997, the State filed its first amended petition to 
proceed to adjudication.  The trial entered a judgment adjudicating 
appellant’s guilt and assessing his punishment at seventy five years’ 
confinement.  This court affirmed appellant’s conviction on March 26, 
1998.[2]  In September 2002, appellant filed a 
motion for post-conviction forensic DNA testing,[3] 
which the trial court denied.  The trial court entered findings of fact and 
conclusions of law, which provided in pertinent part the following:
FINDINGS OF FACT
  
1. 
The Arlington Police Department Property and Evidence Room were never in 
possession of any physical evidence.
 
2. 
The child victim was examined eleven days after the assault by a physician. . . 
. .
 
3. 
Defendant was accused of digitally penetrating the child victim. . . . .
 
4. 
There is no evidence in the court’s file to suggest that a reasonable 
probability exists that Defendant would be exonerated by DNA testing.
 
  
CONCLUSIONS OF LAW
 
1. 
The trial court may order DNA testing if it finds, among other things, that 
evidence exists in a condition making DNA testing possible. . . . .
 
2. 
No evidence exists in a condition making DNA testing possible.
 
3. 
The trial court may order DNA testing if it finds, among other things, that the 
convicted person establishes by a preponderance of the evidence that a 
reasonable probability exists that he would not have been convicted if 
exculpatory results had been obtained through DNA testing. . . . .
 
4. 
Defendant is unable to prove by a preponderance of the evidence that there 
exists a reasonable probability that he would not have been convicted.
 
5. 
This Court DENIES Defendant’s motion 
for DNA testing.
 
 
In 
his sole point, appellant argues that the trial court may have improperly 
considered his plea of guilty in denying his request for DNA testing.  We 
affirm.
        In 
reviewing a trial court’s decision on a DNA request, we employ a bifurcated 
standard of review. We afford almost total deference to a trial court’s 
determination of issues of historical fact and application of law to fact issues 
that turn on credibility and demeanor while reviewing de novo other applications 
of law to fact issues.  See Whitaker v. State, No. 74612, 2004 WL 
63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004), cert. denied, 125 S. Ct. 
194 (2004); Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), cert. 
denied, 539 U.S. 978 (2003).
        Here, 
appellant offers no evidence that the trial court considered his guilty plea 
when it denied his motion for post-conviction forensic DNA testing.  See 
Tex. Code Crim. Proc. Ann. art. 
64.03(b) (prohibiting convicting court from finding that identity was not at 
issue solely on basis of guilty plea).  In an affidavit, the property 
custodian for the Arlington Police Department stated that no physical evidence 
was ever booked into the Arlington Property and Evidence Room. Moreover, 
according to the trial court’s findings of fact and conclusions of law, the 
trial court denied appellant’s motion because no evidence existed in a 
condition making DNA testing possible and because appellant did not prove by a 
preponderance of the evidence that a reasonable probability existed that he 
would not have been convicted if exculpatory results had been obtained through 
DNA testing.  See id. art. 64.03(a)(1)(A)(i); Act of April 3, 2001, 
77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current 
version at Tex. Code Crim. Proc. Ann. 
art. 64.03(a)(2)(A) (Vernon Supp. 2004-05)).  Therefore, we overrule 
appellant’s sole point and affirm the trial court’s judgment.
    
   
                                                                  PER 
CURIAM
 
  
PANEL 
F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4
2.  
Crowdis v. State, No. 02-97-00479-CR (Tex. App.—Fort Worth Mar. 26, 
1998, no pet.) (not designated for publication).
3.  
See Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3-4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03 
(Vernon Supp. 2004-05)). Although article 64 was amended in 2003, this appeal is 
governed by the 2001 law.  See Act of April 25, 2003, 78th Leg., R.S., 
ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs 
motions for DNA testing filed before September 1, 2003).